## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE AND<br>5440 Morehouse Drive<br>Suite 4000<br>San Diego, CA 92121<br><br>ROCKY 2016 LLC<br>5440 Morehouse Drive<br>Suite 4000<br>San Diego, CA 92121<br><br>      v.<br><br>DNC SERVICES CORPORATION, d/b/a<br>d/b/a DEMOCRATIC NATIONAL<br>COMMITTEE,<br>AND<br>430 South Capitol Street, S.E.<br>Washington, D.C. 20004<br><br>DEBORAH WASSERMAN SCHULTZ<br>1114 Longworth House Office Building<br>Washington D.C. 20515 | 1:18-cv-00336 Jury Demand<br>Contreras, Rudolph<br><br>**Plaintiffs' Motion to**<br>**Amend or Alter**<br>**Judgment**<br><br>**JURY TRIAL**<br>**DEMANDED** |

---

### PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs respectfully request that this Court amend or alter its April 23, 2019 Opinion (Dkt. No. 21) setting forth the Court's reasoning for its Order of the same date (Dkt. No. 20), which granted Defendants' Motion to Dismiss, to permit Plaintiffs thirty (30) days to file an amended complaint in the above captioned action.

1



While the Court dismissed Plaintiffs' complaint without prejudice, in the absence of the requested relief, Plaintiffs are not able to file a motion for leave to file an amended complaint and receive a judgment on the motion before the time lapses to file an appeal to the United States Court of Appeals for the District of Columbia Circuit. Plaintiffs are able to file an amended complaint containing extensive additional factual details to cure the alleged defects detailed in the Court's Opinion with respect to Plaintiffs' discrimination and negligent misrepresentation claims as well as add additional claims supported by the extended factual exposition and add additional Defendants necessary to support Plaintiffs' claims.

On May 21, 2019, Plaintiff De La Fuente conferred with counsel for Defendants, who indicated that Defendants oppose the relief requested herein.

WHEREFORE, Plaintiffs respectfully request that the Court alter or amend its Opinion and Order for the reasons more fully set forth in Plaintiffs' accompanying memorandum of law. A proposed order is attached hereto.

Respectfully submitted,

Dated: May 21, 2019

_____
Roque "Rocky" De La Fuente
5440 Morehouse Drive
Suite 4000
San Diego, CA  92121
(717) 615-2030

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE  AND<br>5440 Morehouse Drive<br>Suite 4000<br>San Diego, CA  92121<br><br>ROCKY 2016 LLC<br>5440 Morehouse Drive<br>Suite 4000<br>San Diego, CA  92121<br><br>v.<br><br>DNC SERVICES CORPORATION, d/b/a<br>d/b/a DEMOCRATIC NATIONAL<br>COMMITTEE,<br>AND<br>430 South Capitol Street, S.E.<br>Washington, D.C. 20004<br><br>DEBORAH WASSERMAN SCHULTZ<br>1114 Longworth House Office Building<br>Washington D.C. 20515 | 1:18-cv-00336  Jury Demand<br>Contreras, Rudolph<br><br>**Plaintiffs' Motion to Amend or Alter Judgment**<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs respectfully more to alter or amend this Court's judgment of April 23, 2019 pursuant to Fed. R. Civ. P. Rule 59(e) to permit Plaintiffs to file an amended complaint within thirty (30) days after the amended judgment is issued.

A Rule 59(e) motion should be granted when "there is…the need to corret a clear error or prevent manifest injustice." *See Firestone v. Firestone*, 76 F.3d

3

1205, 1208 (D.C. Cir. 1996) (per curiam). In the present case, while the Court dismissed Plaintiffs' complaint without prejudice, if Plaintiff files a motion for leave to file an amended complaint and it is denied, Plaintiff will have lost the opportunity to file an appeal of the Court's judgment of April 23, 2019. This Hobsian choice, file a motion for leave to file an amended complaint which Plaintiffs believe will satisfy the Court's concerns over the original complaint or file an appeal of the Court's judgment directly to the United States Court of Appeals for the D.C. Circuit constitutes a manifest injustice which militates in favor of Plaintiffs' requested Rule 59(e) relief.

## ARGUMENT

As this Court is well aware, Rule 15(a) of the Federal Rules of Civil Procedure instructs that when permission to file a pleading must be obtained from the Court, "leave <u>shall</u> be freely given when justice so requires." While the court has sole discretion to grant or deny a request for leave to amend, unless there is a reason for not doing so, such as undue delay, bad faith, dilatory tactics, repeated failure to cure deficiencies, or undue prejudice to the opposing party, "the leave sought should…be "freely given." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (acknowledging that it is an abuse of discretion for a district court to deny leave to amend absent a sufficient reason). The rationale behind this

4

Case 1:18-cv-00336-RC   Document 22   Filed 05/21/19   Page 5 of 8

liberal granting of leave to amend a complaint is that "[i]f the underlying facts and circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman*, 371 U.S. at 182. Moreover, consideration must be given to the fact that the Plaintiff in this case is proceeding *pro se*.

The practice of freely giving leave to amend is particularly appropriate in the circumstances of *pro se* litigants. *See, Wyant v. Crittenden*, 113 F.2d 170, 175 (D.C. Cir. 1940). "*Pro se* litigants are afforded more latitude than litigants represented by counsel to correct defects in…pleadings." *See also, Lindsey v. United States*, 448 F. Supp. 2d. 37, 46-47 (D.D.C. 2006) (Walton, J.) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876-77 (D.C. Cir. 1993)); *Hisler v. Gallaudet Univ.*, 206 F.R.D. 11, 14 (D.D.C. 2002) (acknowledging the policy that "an added measure of leniency is extended to *pro se* litigants [with respect to] procedural requirements") (citations omitted).

While the Court dismissed Plaintiffs complaint without prejudice to permit Plaintiffs to "take a second bite of the apple," the Court's opinion does not expressly grant Plaintiffs leave to file an amended complaint thereby forcing Plaintiffs to choose between either filing a motion for leave to file an amended complaint to include additional factual allegations that will cure the Court's concerns with Plaintiffs' original pleadings with respect to Plaintiffs' negligent

misrepresentation and discrimination claims which might still be denied for whatever reason as the court has sole discretion to grant or deny any such motion at a time which would likely occur after the time to file an appeal of the Court's dismissal of Plaintiffs' original complaint or to just file an appeal of the Court's dismissal of Plaintiffs' original complaint even though Plaintiffs are able to allege additional facts which will cure the alleged defects with respect to Plaintiffs' negligent misrepresentation and discrimination claims[1], as well as include additional claims against additional necessary Defendants. Forcing Plaintiffs to abandon an appeal of the Court's judgment in favor of a motion to amend which the Court may reject in its sole discretion raises an issue of manifest injustice which can be remedied by Plaintiffs' requested relief.

---

[1] For instance, among other additional factual allegations, Plaintiffs are able to allege that Defendant Schultz personally represented to, and was relied upon by, Plaintiff De La Fuente that the DNC would remain neutral in the 2016 primary contest and did not rely solely on the Party's bylaws in support of Plaintiffs' negligent misrepresentation claim and an extensive array of additional factual, constitutional and historical allegations that explain why Plaintiff De La Fuente and candidate Sanders possessed identical qualifications and were equals in support of Plaintiffs' discrimination claims. Further, Plaintiffs' are able to allege specific additional actions taken by Defendants, including Defendant Schultz, to curtail Plaintiffs' campaign owing to his ethnicity. Furthermore, the additional factual allegations support additional fraud and racketeering allegations against Defendants and additional necessary Defendants in support of all of Plaintiffs' claims.

## CONCLUSION

Accordingly, the Court should grant Plaintiffs' instant Motion to Alter or Amend the Judgment of the Court dated April 24, 2019, in the above captioned action.

Dated: May 21, 2019

Roque "Rocky" De La Fuente
5440 Morehouse Drive
Suite 4000
San Diego, CA 92121
(717) 615-2030

## **CERTIFICATE OF SERVICE**

Plaintiff De La Fuente hereby certifies that on this date, the forgoing documents have been served via First Class mail on opposing counsel of record.

Dated: May 21, 2019

_____
Roque "Rocky" De La Fuente