# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE, and : <br> ROCKY 2016 LLC, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> DNC SERVICES CORPORATION, and : <br> DEBORAH WASSERMAN SCHULTZ : <br> : <br> Defendants. : | Civil Action No.: 18-336 (RC) <br><br> Re Document No.: 22 |

## MEMORANDUM OPINION

**DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

## I. INTRODUCTION

On April 23, 2019, this Court dismissed without prejudice Mr. Roque De La Fuente's claims against the Democratic National Committee ("DNC") and its then-chairperson, Deborah Wasserman Schultz.[1] *See generally De La Fuente v. DNC Servs. Corp.*, No. 18-cv-336 (RC), 2019 WL 1778948 (D.D.C. Apr. 23, 2019). Mr. De La Fuente now moves under Federal Rule of Civil Procedure 59(e) to ask this Court to alter or amend its April 23, 2019 Memorandum Opinion ("April 23 Opinion"). *See generally* Pl.'s Mot. Alter or Amend J., ECF No. 22. He

---

[1] Mr. De La Fuente brought his claims on behalf of himself and Rocky 2016, his political campaign committee. *See generally* Compl., ECF No. 1. Mr. De La Fuente is proceeding *pro se*. *See* Pl.'s Opp'n Mot. to Dismiss at 23, ECF No. 10. While Defendants contest Mr. De La Fuente's *pro se* status, their contentions are similar to allegations Defendants raised previously. *Compare* Defs.' Reply Mot. Dismiss at 21 n.15, ECF No. 13 *with* Defs.' Opp'n Mot. Alter or Amend J. at 6–8, ECF No. 23. After considering these concerns, this Court treated Mr. De La Fuente as a *pro se* litigant in its April 23 Opinion and will continue to treat Mr. De La Fuente as a *pro se* litigant in considering the instant Motion. Because Mr. De La Fuente is not an attorney, he may not represent anyone but himself before this Court. *See Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889, at *2 (D.D.C. May 4, 2015). Therefore, this Court will treat Mr. De La Fuente as the sole plaintiff in this Opinion.

further requests 30 days to file an Amended Complaint. *See id*. at 3. Having considered Plaintiff's Motion to Amend or Alter Judgment, Defendants' Opposition to the Motion, Plaintiff's Reply, and Defendants' Surreply, this Court denies Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Mr. De La Fuente is a Mexican-American entrepreneur who ran to become the Democratic Party's 2016 presidential nominee. *See* Compl. at ¶ 5. In a Complaint filed on February 20, 2018, Plaintiff argued that Defendants deliberately undermined his campaign because they feared that Hispanic Americans would prefer his candidacy to that of Hillary Clinton. *Id.* ¶¶ 20, 23. Mr. De La Fuente asserted claims of breach of contract, promissory estoppel, race discrimination, conspiracy to violate civil rights, and misrepresentation. *See De La Fuente*, 2019 WL 1778948, at *1. He sought over $6 million in compensatory damages and $1 million in punitive damages as a remedy. *See* Compl. at ¶ 141. As explained in detail in this Court's April 23 Opinion, Plaintiff's Complaint was dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See De La Fuente*, 2019 WL 1778948, at *2. On May 21, 2019, Mr. De La Fuente moved under Federal Rule of Civil Procedure 59(e) and asked this Court to alter or amend the April 23 Opinion so that he will be able to seek leave to amend his Complaint. *See* Pl.'s Mot. Alter or Amend J. at 3. Mr. De La Fuente did not simultaneously move to amend his Complaint under Federal Rule of Civil Procedure Rule 15.

## III. ANALYSIS

Mr. De La Fuente argues that this Court should grant his Rule 59(e) motion because the April 23 Opinion resulted in manifest injustice. *See* Pl.'s Mot. Alter or Amend J. at 4. He maintains that, while the April 23 Opinion dismissed his claims without prejudice, he cannot file

2

a new complaint because the statute of limitations has run for his claims. *See* Pl.'s Reply Mot. Alter or Amend J. at 5–6. ECF No. 24. He therefore requests that this Court alter or amend its April 23 Opinion to enable him to file an Amended Complaint. *See* Pl.'s Mot. Alter or Amend J. at 4.

However, a Rule 59(e) motion can be brought only after a court has issued a final judgment. *See Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015). When a court grants a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court has the option of dismissing the entire action or only the complaint. *See Ciralsky v. C.I.A.*, 355 F.3d 661, 666 (D.C. Cir. 2004). "A district court's dismissal of an entire action is a final appealable judgment." *Robinson-Reeder v. Am. Council on Educ.*, 571 F.3d 1333, 1338 (D.C. Cir. 2009) (citing *Ciralsky*, 355 F.3d at 666). But if a court dismisses just the complaint without prejudice—and not the underlying action—then there is no final judgment. *See Murray v. Gilmore*, 406 F.3d 708, 712 (D.C. Cir. 2005).

In its April 23 Opinion, this Court's ruling on Defendants' Rule 12(b)(6) motion "dismiss[ed] Mr. De La Fuente's *complaint* without prejudice." *De La Fuente*, 2019 WL 1778948, at *1 (emphasis added). This Court explicitly did not dismiss the entire action. Rather, the Court chose to dismiss only the *complaint* because it concluded that Mr. De La Fuente was "entitled to another bite at the apple," *id.*, in the instant *action*. Because the Court dismissed Mr. De La Fuente's Complaint without prejudice and did not dismiss the underlying action, there has not been a final judgment. *See Robinson-Reeder*, 571 F.3d at 1338. Therefore, Mr. De La

3

Fuente's Motion is improper, and this Court accordingly denies Mr. De La Fuente's request to alter or amend the April 23 Opinion.[2]

Nonetheless, this denial does not preclude further steps by Mr. De La Fuente, who may still seek leave to amend his Complaint under Federal Rule of Civil Procedure Rule 15. When a court dismisses only a *complaint* and not the underlying action, a plaintiff is able to "file[ ] a new complaint in his original case" without having to commence a new action. *See Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 478–79 (D.C. Cir. 2016). Moreover, because the underlying action is ongoing, if any new claims relate back to the filing of the original complaint, then "the statute of limitations [is] tolled from the date of [the] original complaint." *Sodexo Operations, LLC v. Not-for-Profit Hosp. Corp.*, 210 F. Supp. 3d 138, 145 (D.D.C. 2016) (quoting *Cohen*, 819 F.3d at 478–79). Therefore, a district court's dismissal of a

---

[2] In any event, under the Federal Rules of Civil Procedure, Mr. De La Fuente should have brought a Rule 54(b) motion instead of a Rule 59(e) motion. Because Mr. De La Fuente is a *pro se* litigant, the Court will construe Mr. De La Fuente's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (construing a document as a Rule 59(e) motion even though the document did not explicitly reference the rule); *Bowser v. Smith*, No. 1:16-CV-01455 (TNM), 2019 WL 450670, at *1 (D.D.C. Feb. 4, 2019) (applying the more lenient Rule 59(e) standard to a Rule 60(b) motion filed within the Rule 59(e) timeframe). This Court will thus briefly consider whether Mr. De La Fuente's Motion should be granted under Rule 54(b). A "Rule 54(b) [motion for] reconsideration may be granted 'as justice requires.'" *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (citations omitted). "In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008), *aff'd*, No. 09-5349, 2010 WL 1632965 (D.C. Cir. Apr. 1, 2010) (internal quotation mark and citations omitted). Here, Mr. De La Fuente has not argued that any of these situations apply to the Court's April 23 Opinion. In fact, Mr. De La Fuente has stated that he does not dispute the Court's decision to dismiss his Complaint. *See* Pl.'s Reply Mot. Alter or Amend J. at 4–5. As a result, even if this Court grants Plaintiff the benefit of his *pro se* status and construes Mr. De La Fuente's Motion under Rule 54(b), the Court would still come to the same conclusion: denial of Mr. De La Fuente's Motion.

complaint without prejudice is "akin to a grant of leave to amend under Federal Rule of Civil Procedure 15(c)." *Murray*, 406 F.3d at 713.

Here, this Court's April 23 Opinion dismissed only the complaint, such that Mr. De La Fuente was granted the opportunity to amend his original complaint. Although Plaintiff makes several statute of limitations arguments, his concerns are wrong-headed. Because the April 23 Opinion was not a final judgment, the underlying action is ongoing. Thus, if any new claims relate back to the filing of the original complaint, then the statute of limitations is tolled for Mr. De La Fuente's claims. *See Sodexo Operations, LLC*, 210 F. Supp. at 145 (citation omitted). Accordingly, any amendments that Mr. De La Fuente makes to his Complaint that relate back to the date of his original Complaint raise no statute of limitations barriers. The April 23 Opinion did, in short, exactly what it stated: "afford Mr. De La Fuente another opportunity to remedy the complaint's defects." *De La Fuente*, 2019 WL 1778948, at *11.

As yet, Mr. De La Fuente has not availed himself of that opportunity by filing a Rule 15 motion with a Proposed Amended Complaint. Instead, he asked this Court to grant him 30 days to seek leave to amend his Complaint. *See* Pl.'s Mot. Alter or Amend J. at 3. This Court is perplexed as to why Mr. De La Fuente did not move to amend his Complaint under Rule 15 in lieu of the instant motion, or why he now requires 30 additional days to do so. Nevertheless, it is within this Court's discretion to grant Mr. De La Fuente another opportunity to seek leave to amend. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This Court will exercise that discretion and provide Mr. De La Fuente with one final opportunity to seek leave to amend his complaint. It therefore grants Mr. De La Fuente 30 days to seek leave to amend his Complaint under Rule 15.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is **DENIED**. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued.  Plaintiff is granted 30 days from the date of the Order to seek leave to amend his Complaint.

Dated:  August 2, 2019                                                                          RUDOLPH CONTRERAS
                                                                   United States District Judge